**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA**

    **vs.**                                              **Criminal Action 2:16-cr-0061(2)**
                                                          **Judge Graham**

**CUAUHTEMOC LOPEZ-MONTES**

<u>**REPORT AND RECOMMENDATION**</u>

The United States of America and defendant Cuauhtemoc Lopez-Montes entered into a plea agreement whereby defendant agreed to enter a plea of guilty to Count One of the *Indictment*, which charges him with conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841, 846.[1] On April 15, 2016, defendant, accompanied by his counsel and with the assistance of an interpreter, appeared for a change of plea proceeding. Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 2001 WL 1587410 at *1 (6th Cir. 2001) [Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed]; *United States v. Torres,* 258 F.3d 791, 796 (8th Cir. 2001); *United States v. Dees,* 125 F.3d 261, 263-69 (5th Cir. 1997); *United States v. Ciapponi,* 77 F.3d 1247, 1251 (10th Cir. 1996).

During the change of plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time he entered his guilty plea, defendant was in full possession of

---

[1] The *Indictment,* ECT No. 14, actually refers to only 21 U.S.C. § 841. However, the *Plea Agreement*, ECF No. 25, refers to § 846 as well as to § 841. The government's oral motion to amend the *Indictment* to include reference to § 846 was granted, without objection by the defendant, at the change of plea proceeding.

1

his faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics or alcohol.

Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined his competence to plead.  Based on the observations of the undersigned, defendant understands the nature and meaning of the charge returned in the *Indictment* and the consequences of his plea of guilty to that charge.  Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary.  Defendant acknowledged that the plea agreement signed by him, his attorney and the attorney for the United States and filed on April 1, 2016, represents the only promises made by anyone regarding the charge in the *Indictment*.  Defendant was advised that the District Judge may accept or reject the plea agreement and that, even if the Court refuses to accept any provision of the plea agreement not binding on the Court,[2] defendant may nevertheless not withdraw his guilty plea.

Defendant confirmed the accuracy of the material aspects of the statement of facts supporting the charge.[3]  He confirmed that he is pleading guilty to Count One of the *Indictment* because he is in fact guilty of the offense charged in Count One of the *Indictment.*  The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to Count One of the *Indictment* is knowingly and voluntarily made with understanding of the nature and meaning of the charge and of the consequences of the plea.

---

[2] Paragraph 10 of the *Plea Agreement* erroneously refers to "paragraph 8." PAGEID# 59. The government's oral motion to amend that reference to "paragraph 7" was, without objection by defendant, orally granted at the change of plea proceeding.

[3] The *Indictment* refers to "On or about February 13, 2016 . . . ," PAGEID# 37, but the government's recitation of facts underlying the charge referred to February 14, 2016. Defendant agreed at the change of plea proceeding that this difference is not material.

It is therefore **RECOMMENDED** that defendant's guilty plea to Count One of the *Indictment* be accepted. Decision on acceptance or rejection of the plea agreement was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| | |
|---|---|
| April 15, 2016<br>Date | *s/ Norah McCann King*<br>Norah M$^c$Cann King<br>United States Magistrate Judge |